# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ESTATE OF ESTHER M. HAKE, | : | Civil No. 1:15-CV-1382 |
| RICKY L. HAKE and | : | |
| RANDY L. HAKE, Executors, | : | (Magistrate Judge Carlson) |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM OPINION

### I.   Factual Background

We are now called upon to write the final chapter in this litigation, and resolve a motion filed by the plaintiffs to recover attorney's fees and costs from the United States. (Doc. 50.) This action was brought by two executors to their late mother's estate, who sued the United States on behalf of the Estate seeking abatement and reimbursement of a penalty that was assessed after the executors were late in filing the estate's tax returns. The executors had filed the return on the date that their tax attorney advised them that it was due, after the estate had been granted extensions of both its filing and payment deadlines. Yet, while the executors paid the taxes that they believed were owed before payment was due and

in an amount that later proved to be more than $100,000 in excess of what was actually owed, they unquestionably filed the estate's return approximately six months' late, having been incorrectly advised by tax professionals concerning the return deadline. For this error the Estate was assessed a late penalty in the amount of $197,868.26, and interest of $17,202.44 was also imposed pursuant to section 6651(a)(1) of the Internal Revenue Code.

The executors pursued an administrative appeal for abatement of the penalty on August 13, 2013. When that appeal was rejected, the executors paid the entire balance owed for penalty and interest. The executors then took steps to secure a refund of the penalty and interest, and exhausted their administrative remedies with the Internal Revenue Service, all of which were unsuccessful. This litigation followed when the executors filed a complaint on behalf of the Estate on July 15, 2015. (Doc. 1.)

The parties then filed cross-motions for summary judgment, (Docs. 23, 33.), which we resolved in favor of the plaintiffs, finding that, given the unique and undisputed facts of this case, as well as the developing law in this field, the executors' reliance upon the advice of their counsel in these particular circumstances regarding the applicable deadlines for filing the estate's return was reasonable, and, therefore, the imposition of the penalties and interest was not warranted. In reaching this conclusion, however, we noted and acknowledged that

this legal issue was not free from doubt. Quite the contrary, we conceded that the Government's arguments drew substantial support from emerging case law from other courts law in this field. We nonetheless found finds that application of authority from the United States Court of Appeals for the Third Circuit to the particular facts of this case compelled this outcome.

This motion for fees and costs followed. (Doc. 50.) In this motion the Estate seeks recovery of $51,378.00 in attorney's fees, and costs of $1,471.40, for a total award of $52,849.40. (*Id*., ¶12.) The parties have fully briefed this motion. (Docs. 51 and 53.) Accordingly, this matter is ripe for resolution.

Upon consideration on this motion, for the reasons set forth below, we find that the Estate has not established an entitlement to fees and costs under the controlling statute which governs such awards in federal tax litigation, 26 U.S.C. §7430. Therefore, the motion for fees and costs will be denied.

## II. <u>Discussion</u>

Section 7430 of Title 26, United States Code, governs the award of costs and fees in any action involving the United States which relates to the refund of any tax, interest or penalty. Section 7430 provides in pertinent part that:

> (a) In general.--In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for-- (1) reasonable administrative costs incurred in connection with such administrative proceeding within the

3

>Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such court proceeding.

26 U.S.C. § 7430 (a)(1)-(2).

Since §7430 constitutes a limited waiver of sovereign immunity, allowing for some financial recoveries against the United States, it is well-settled that: "the traditional principle that the Government's consent to be sued 'must be "construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27 [72 S.Ct. 17, 19, 96 L.Ed. 26] (1951), and not 'enlarge[d] ... beyond what the language requires,' ' *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983) (quoting *Eastern Transportation Co. v. United States*, 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472 (1927))." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34, 112 S. Ct. 1011, 1014–15, 117 L. Ed. 2d 181 (1992). *See e.g Miller v. Alamo*, 992 F.2d 766, 766 (8th Cir. 1993)(c0nstruing §7430); In re *Klauer*, 362 B.R. 31, 35 (Bankr. M.D. Fla. 2006)(construing §7430). Adopting this analytical perspective we note that for purposes of Section 7430, a "prevailing party" entitled to fees and costs is defined as:

>any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)--(i) which--(I) has substantially prevailed with respect to the amount in controversy, or(II) has substantially prevailed with respect to the most significant issue or set of issues presented, and (ii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of Title 28, United States Code (as in effect on October 22, 1986) except to the extent differing procedures are established by rule of court and meets

4

the requirements of section 2412(d)(2)(B) of such Title 28 (as so in effect).

26 U.S.C. § 7430 (c)(4)(A).

Thus, to be considered a prevailing party in tax litigation, a plaintiff must: First have "substantially prevailed" in the lawsuit; and, second, must meet the requirements of the 1st sentence of section 2412(d)(1)(B) of Title 28, United States Code.

By engrafting the requirements of Section 2412(d)(1)(B) onto the definition of prevailing parties, this statute substantially narrows the range of parties who may successfully apply for attorney's fees and costs since Section 2412(d)(1)(B) provides that a: " 'party' means (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed. . . ." 28 U.S.C. § 2412 (d)((1)(B). This rule has particular and specific application to tax claims brought by estates, like the claims made here, since: "Congress included a special rule in § 7430 that applied the net worth requirement to estates. Section 7430(c)(4)(D) states that the $2,000,000 net worth requirement imposed on individuals in 28 U.S.C. § 2412(d)(2)(B)(i) shall apply to 'an estate but shall be determined as of the date of the decedent's death.' " *Estate of Palumbo v. United States*, 675 F.3d 234, 237 (3d Cir. 2012).

This threshold financial definition of a party applies here, and is fatal to this attorney's fees motion, since it is evident that at the time of the decedent's passing the Estate had a net worth was greater than $2,000,000. Indeed, the Estate acknowledges, and it seems entirely undisputed, that the Estate was worth $8,154,108 and reported $7,261,352 as its taxable estate on its tax return. (Docs. 35, ¶ 2, 42, ¶ 2.) Accordingly, the Estate simply does not qualify as a prevailing party under § 7430, entitled to a fee award since it far exceeded the financial limitations set by law for parties to obtain such fee awards from the United States.

The Estate's motion for fees and costs fails on another score.

> Pursuant to § 7430(c)(4)(B), a taxpayer shall not be treated as a prevailing party, " if the United States establishes that the position of the United States in the proceeding was substantially justified." § 7430(c)(4)(B). The term "substantially justified" means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 563–65, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (defining "substantially justified" under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)). That the United States loses or concedes an issue does not establish that its position was not substantially justified. *Underwood,* 487 U.S. at 569, 108 S.Ct. 2541. As the Supreme Court stated in *Underwood*, the United States "could take a position that is substantially justified, yet lose." *Id*.

*In re Klauer*, 362 B.R. 31, 36 (Bankr. M.D. Fla. 2006).

Judged by these guideposts, we find that the government's position in this lawsuit was substantially justified, making a fees award inappropriate. As we noted for the parties when we addressed the merits of this case, the Government's

6

position in this litigation was supported by a significant, and rising tide of case law. In fact, we explicitly recognized that some other courts had interpreted *Boyle*, the leading Supreme Court decision in this field, in the manner urged by the United States, and on facts that were substantially similar to those presented in this case. *See, e.g., Knappe v. United States*, 713 F.3d 1164 (9th Cir. 2013); *West v. Koskinen*, 141 F. Supp. 3d 498 (E.D. Va. 2015). Had we been writing on a blank slate these cases might have had great persuasive power, but we concluded that we were constrained by the court of appeals' decision in *Estate of Thouron v. United States*, 752 F.3d 311, 314 (3d Cir. 2014) to find in favor of the Estate.

Thus, this case involved a legal dispute defined by competing case law, including substantial case law which supported the Government's position. Recognizing that the term "substantially justified" means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 563–65 (1988), we find that the Government's position in this litigation drew substantial support from case law construing the Supreme Court's decision in *Boyle*, and, therefore, was both "justified to a degree that could satisfy a reasonable person" and had a "reasonable basis both in law and fact." *Id.* Accordingly, an award of costs and fees is not available or appropriate under §7430.

In sum, understanding that §7430's waiver of sovereign immunity must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires, we find that the Estate may not qualify as a prevailing party under this statute entitled to fees and costs because: (1) it does not meet the financial requirements for a party prescribed by Section 2412(d)(1)(B) of Title 28, United States Code; and (2) the Government's position in this litigation, while ultimately unsuccessful, drew significant support from case law, and, therefore, was justified to a degree that could satisfy a reasonable person and had a reasonable basis both in law and fact.

### III.  Order

Accordingly, for the reasons discussed above, the plaintiffs' motion for attorney's fees and costs (Doc. 50.) is DENIED.

So ordered this 1st day of May, 2017.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge